## GRAVES v. GRAVES.

A party, being a witness, may testify to his intention in performing any act, where the intention becomes material.

Where land is conveyed with an agreement that upon a certain contingency it shall be reconveyed, no action at law can be maintained upon that agreement, unless it is in writing.

But where, upon such conveyance, it is agreed that the grantee shall pay to the grantor all that he obtains upon a re-sale over and above the sum paid upon the original conveyance, an action may be maintained upon such an agreement though not in writing, for the balance, when the farm is re-sold for more than was paid.

ASSUMPSIT.  April 10, 1849, the plaintiff, being indebted to the defendant, conveyed to him a farm situated in Westminster, Vt., and upon which the plaintiff then lived.  The deed was written, executed, delivered and recorded in Vermont.  April 1, 1859, the defendant sold the farm to a third person, and received for it a sum larger than the amount of his claims against the plaintiff, April 10, 1849, and interest thereon to April 1, 1859, and all claims which defendant had against the plaintiff April 1, 1859.  The plaintiff claimed to recover the balance of the price which the defendant received for the farm, over and above the amount of his claims against the plaintiff.

The defendant claimed, and introduced evidence tending to show, that the plaintiff conveyed the farm to the defendant with the intent to defraud creditors.  Subject to the defendant's exception, the plaintiff was allowed to testify that he had no such intent.

There was evidence tending to show, that, at the time of the conveyance from the plaintiff to the defendant, it was understood and verbally agreed by them, that the defendant should reconvey the farm to the plaintiff on request, or, if he sold it, that he would account to the plaintiff for the proceeds, and pay the plaintiff the balance over and above his claims against the plaintiff.  The defendant requested the court to instruct the jury that such an agreement would be a trust which could not be created unless by an instrument in writing signed by the party creating the same or by his attorney.  The court declined so to instruct the jury, but did instruct them that such an agreement, not in writing, would, aside from any question of fraud, entitle the plaintiff to recover.  The value of the farm was a material fact.  The court ruled that one of defendant's witnesses, who was proved to the satisfaction of the court to

have full and special knowledge of the extent, quality, situation, condition and value of the farm and of all other land in the same town, and to be an expert upon the question of the value of farms, might testify to his opinion of the value of the farm in question, to which ruling plaintiff excepted.

The defendant excepted to the instructions given and to the refusal to give those requested, and moved to set aside the verdict which was for the plaintiff, and the questions of law were reserved.

*Cushing* and *Vose*, for defendant.

*Wheeler* & *Faulkner*, for plaintiff.

SARGENT, J.   The defendant having introduced evidence of an intent to defraud his creditors on the part of the plaintiff, it was competent for plaintiff to rebut that evidence.   Being himself a competent witness, he could, of course, testify to his intentions.   It was a matter concerning which he would have the means of positive knowledge, and the only question would be as to his veracity, and that is solely a question for the jury.

The jury have settled the question, that there was no intent to defraud creditors, so that no question arises as to what would constitute a fraudulent transaction, as against creditors.   So far as there is anything in the case, then, we may assume that there were no creditors—that plaintiff did not owe anybody except the defendant.   Upon the contract stated in the case, if the plaintiff had desired a reconveyance of the farm, and had even tendered the amount of his indebtedness to the defendant he could not have enforced that part of the contract, in law, because it being for the conveyance of land, must be in writing to support an action.   But, upon the other part of the contract, that if defendant sold the farm he would pay the plaintiff any balance he might receive over and above the amount of the plaintiff's indebtedness to him, the plaintiff could maintain an action, and proof of such a contract would not be showing that the defendant held the land in trust for the plaintiff. This is settled in *Hall* v. *Hall*, 8 N. H. 129.

The ruling admitting the testimony of the expert in relation to the value of farms becomes immaterial, since the plaintiff obtained his verdict, notwithstanding that ruling against him.   The ruling was, as we understand it, directly in conflict with all the decisions in this State upon that subject.   But, as the question is not raised here, we are not called upon to consider it.

In deciding this case we have assumed that there is a statute of frauds in Vermont similar to our own, though it does not appear from the case that there was any proof upon that point.

*Judgment on the verdict.*